STATE, Use of WM. L. GERMAN, *vs.* ERNEST B. TIMMONS et al.

*Liability of Sureties on a Constable's Bond—Void Warrant of Distress*

The sureties on a constable's official bond are not liable to an action for his seizure of plaintiff's property when acting under a void distress warrant, the act of the constable in such case not being done *virtute officii.*

An action on a constable's bond to recover damages for his official delinquencies must be brought in the name of the State for the use of the party injured.

Under Code, Art. 53, secs. 8 and 9, a warrant authorizing a bailiff to levy a distress for rent must be accompanied by an account and the affidavit of the landlord that the rent claimed is due. *Held,* that a warrant issued without such affidavit is null and void, and a constable who seizes and sells property under such void warrant is liable as a trespasser, but the sureties on his official bond are not liable therefor.

Appeal from the Circuit Court for Wicomico County (Holland and Lloyd, JJ.)

The cause was submitted to the Court on briefs by:

*Graham & Fitch,* for the appellant.

*Thos. F. J. Rider* and *Geo. W. Bell,* for the appellee.

Boyd, J., delivered the opinion of the Court.

This is an action on a constable's bond, and the declaration alleges that a distress warrant was directed to the constable against the plaintiff, William German, but in the service and execution of it he " did illegally and wrongfully seize, sell and dispose of certain goods and chattels of the plaintiff," etc. The suit seems to have been brought on the theory that the constable and his sureties were liable

because the former made a sale of German's property, which was illegal by reason of the fact that he had not made a levy or inventory of the goods or given notice to the tenant, as required by the Statute of 2 *William and Mary*, chapter 5, in force in this State, but, under our view of the case, it will be unnecessary to discuss those omissions. In the course of the trial the defendants were required to produce the distress warrant under which the constable proceeded, and the plaintiff offered it in evidence. To the account annexed to it there is no affidavit. Section 8 of Art. 53 of the Code provides, that " Every landlord or his agent, who may be authorized to distrain for rent due him, shall previously to making such distress, make oath before some Justice of the Peace    *    *    *    *    that his tenant is justly and *bona fide* indebted to him in the sum of——— ——— dollars and———  ———cents," etc. Section 9 provides, that " To every warrant authorizing any bailiff to levy a distress for rent there shall be prefixed or annexed the account of such landlord    *    *    *    *    *    together with an affidavit thereon, in substance, as required by the preceding section," and section 16, that " Every distress for rent which shall be made contrary to the provisions of this article and all sales made under and by virtue of such distress, shall be absolutely illegal and void."

That this warrant was wholly lacking in one of the most important requirements of the statute (the affidavit), and therefore null and void, cannot be doubted. As was said in *Cross* v. *Tome*, 14 Md. 247, the object of these provisions is " to protect the tenant from onerous and oppressive proceedings by the landlord, and to prevent the levying of excessive distress by requiring the sum claimed, as actually due and in arrears, to be clearly stated and verified by oath." The warrant being null and void, it is manifest that the landlord would not have had any remedy against the constable's bond if he had failed or refused to act under it, and the question to be determined is whether the tenant can hold the sureties responsible for any acts done under it.

There can be no doubt that a constable acting under a void warrant is a trespasser and is not protected by reason of such a warrant being issued to him, if he enforces it, for, although the law does not hold an officer responsible as a trespasser for acting under a warrant that is merely defective or irregular, yet, when it is void on its face, it is as if no warrant had been issued to him. That being so, how can there be any recovery against the sureties of this constable for the alleged illegal acts done by him under this so-called warrant? The case of *State, use. Vanderworker* v. *Brown et al.*, 54 Md. 318, is conclusive of the question. It is there said, " The condition of the bond is ' that he shall well and faithfully execute the office of constable.' By this contract the sureties guarantee the public against official delinquency on the part of the officer. For any breach of official duty his bond is responsible ; this is the extent of liability assumed by the sureties. If he commits a wrong, not in the discharge of his official duty, he is personally liable, but his sureties cannot be held responsible therefor; it is not within the terms of their contract." It was held in that case that an action could not be maintained against a constable and his sureties on his official bond for a trespass committed by him in taking the goods of a stranger on an execution issued against the property of another person, and it would seem to necessarily follow that they would not be responsible for acts done by him under a void warrant—it being equivalent to his acting without any warrant. In the doing of such act, he is not to be regarded as an officer. The distinction is made between wrongful acts by an officer done *virtute officii* and such as are done *colore officii*. In *Alcock* v. *Andrews*, 2 Esp. 542, LORD KENYON said, the former are such as " when a man doing an act within the limits of his official authority exercises that authority improperly or abuses the discretion placed in him. The latter, are where the act committed is of such a nature that the office gives him no authority to do it ; in the doing of that act he is not to be considered as an officer." The case of *State, use Wil-*

*son* v. *Fowler et al.*, 88 Md. 601, is an illustration of the former, and that of *State, use Vanderworker* v. *Brown, supra*, of the latter, and this case clearly comes within the latter class.

Article 20, section 10 of the Code was referred to by the appellant as adding strength to his contention. That section requires the constable to serve and execute a warrant of distress within the limits of the district for which he is appointed, and provides that his bond shall be responsible for the due performance of his duties. It also *authorizes* him to execute such warrants in any part of his county, although it does not *require* him to execute them beyond his district, and concludes " if he executes or undertakes to execute the same his bond shall be liable." But the liability of the bond is dependent upon his proceeding under " a warrant of distress," and the statute does not mean that the bond is responsible, although there is no such warrant, or, what is the same thing, when it is absolutely void.

The Court below instructed the jury "that under the pleadings in this cause there is no legally sufficient evidence to entitle the plaintiff to recover." The declaration, as given in the record, shows that William German sues the defendants, and it does not show that the State of Maryland sues for the use of William German. As the bond was given to the State of Maryland, the suit must be in its name for the use of the party injured, and William German could not recover on a bond given to the State in a suit brought in his name, but as the docket entries are " State of Maryland, use of William German," it may be that this is simply a mistake in the record, and we, therefore, do not base our decision on that technical ground, but decide the case on its merits, and hold that the sureties of a constable thus acting under a void distress warrant are not responsible, as their contract was to protect the public against his *official* delinquency and not against acts which he was not authorized to do as constable—that is to say, to proceed by way of distress, without a valid warrant. The remedy under such circumstances

is against him individually as a tort-feasor, or, when the facts justified it, against the landlord, or both.   The judgment will be affirmed.

> *Judgment affirmed, the costs to be paid by the appellant.*