## CIRCUIT COURT OF BALTIMORE CITY.

Filed March 16, 1906.

JAMES H. PRESTON, RECEIVER,

VS.

AMERICAN SURETY COMPANY OF NEW YORK ET AL.

*S. S. Field* for plaintiff.

*Dennis & Dennis* for defendant.

STOCKBRIDGE, J.—

The determination of this case is not difficult if the facts be clearly understood in their proper sequence and the principles of law applied as they have been frequently laid down by our Courts. John McNeill was, on February 5th, 1903, appointed receiver to take charge and possession of property No. 5 N. Greene street, subject to the further order of Circuit Court No. 2, and on the day following filed his bond as such receiver, in which the condition was that he should "well and faithfully perform the trust reposed in him" by the order appointing him or that might "be reposed in him by any future order or decree in the premises." The bill may be looked to for this amplification of the character of the trust, which is described only in the most general terms in the decree. The bill alleges the desirability of the appointment, in order that a foreclosure sale of the property, then imminent, might be prevented, and prays for the appointment of a receiver to take charge of and manage the property under the direction of the Court. Now what followed? The sale to prevent which the receiver was appointed was not prevented, but actually took place five days after his appointment, i. e. on the 10th February. It was not ratified because of exceptions filed by the purchaser, but a little more than a month later and eight days after the exceptions to the ratification had been filed. Mrs. Mahon, in consideration of the then return, to her of the $300 cash deposit made at the time of the sale, agreed in writing to carry out the terms of the sale made on the 10th of February by Campbell, trustee.

The months ran along during which the receiver was collecting the rent of the property, and on the 16th of September following, by a receipt signed by John McNeill as an individual, and not as receiver, there is shown to have been paid by Mrs. Mahon to McNeill the sum of $1,425.27, and it is this payment which constitutes the bulk of the claim in the present case.

This money so paid to McNeill was not the money of the infant whose property had been sold at the foreclosure sale, for that infant had no estate out of which such a payment could have been made, as the evidence fully shows. It was the individual money of Ella Mahon, and the question now presents itself, was this money so paid by Mrs. Mahon to McNeill on September 16 paid to him by virtue of his office or under color of such office. If the former, the surety on the bond is liable, if the latter, it is not, unless the surety is concluded by the order of December 15th, 1904. It was not money for which Mrs. Mahon was in any manner legally liable, and the receiver could not have enforced its payment by her in a proceeding at law.

It was practically an advance or loan by Mrs. Mahon to the receiver, for a specific purpose it is true, but none the less a loan. The proceedings no where disclose that Mr. McNeill as receiver was ever authorized by the Court to effect any loan for any purpose. That a Court of equity may empower a receiver to effect a loan is well recognized, but that the receiver has no such power independent of the authorization of the Court is equally clear.

Indeed the rule as laid down is that all persons dealing with receivers do so at their peril, and are bound to take notice of their incapacity to conclude a binding contract without the sanction of the Court. 23 Am. & Eng. Ency., 1066.

It may well be that if McNeill had not been receiver Mrs. Mahon would not have let him have the money, but that looks to the color of the office merely, and since the cash given McNeill was not money for which Mrs. Mahon could have been held legally liable to the receiver, nor a loan made by the authority or under the sanction of the Court, it will fall under the rule laid down in State vs. Timmons, 90 Md., 10, and State vs. Brown, 54 Md., 318, and the surety will not be liable therefore unless precluded by the order of the Court of December 15, 1904.

With regard to the effect of this order the law in this State is settled by Taylor vs. State, 73 Md., 209, and unless the adjudication be one in rem the effect of that order is prima facie only. I cannot regard this as an action in rem, when the supposed rem is a fund in the hands of McNeill only by color of his office, and therefore I must hold the surety not liable to the extent of $1,425.27 of the amount claimed.

The balance of the sum claimed, $65 with interest, stands on an entirely

different basis. This was money which came in McNeill's hands as rent, and distinctly therefore virtute officii, and for that a decree will be entered in favor of the plaintiff.

It is proper to say that there are decisions in other States not altogether in harmony with the views expressed, but in all cases of conflict this Court is of course controlled by the principles as laid down by our own Court of Appeals.