## In re NOBLE.

### No. 6513.

District Court, D. Maryland.

Feb. 12, 1934.

Thomas W. Simmons, of Cambridge, Md., for trustee William C. Dean.

J. Gorman Hill, of Cambridge, Md., for claimants Phillip N. and Richard L. Linthicum.

CHESNUT, District Judge.

The appeal from Referee Miller in this case presents the question as to whether Phillip N. Linthicum et al., by reason of a distraint proceeding for rent due them as landlords of the bankrupt prior to bankruptcy, secured a valid lien on certain property subsequently coming into the possession of the bankrupt trustee and by him sold. The claim is asserted as a secured claim to the extent of the proceeds of the sale made by the trustee of the chattels distrained on. The amount of rent due and unpaid to the claimant was $275 being for five months' rent at $55.00 per month. The distraint was levied September 25, 1931. On September 29, 1931, the subsequent bankrupt executed a deed of trust for the benefit of creditors to one Thomas W. Simmons. On November 6, 1931, petition in bankruptcy was filed by Lee W. Noble and adjudication followed immediately.

The Referee determined (see his certification for review filed November 9, 1933) that the distraint was valid and the claimant secured a lien thereby which was good as against the bankrupt trustee and when the latter sold the goods the claimant was entitled to the proceeds of sale. The trustee in bankruptcy has appealed from the order to this effect, passed by the Referee. Further relevant facts are stated in the Referee's certificate.[1]

---

[1] To the Honorable, the Judges of Said Court:

The Report of Edward T. Miller, Referee, to whom the above entitled case was referred, respectfully shows:

1. That among the claims filed against the said bankrupt estate, there was one of Philip N. Linthicum et al., filed on Dec. 22, 1931, as a secured rent claim in the amount of Two Hundred Seventy-Five ($275.00) Dollars, basis of said claim being a distraint proceeding filed prior to the adjudication in bankruptcy, the said claim being hereto attached as "Exhibit #1."

2. That subsequently on Oct. 16, 1933, William C. Dean, Trustee in the above entitled case, filed objections to the allowance of said claim as a secured claim, said objections being filed herewith as "Exhibit #2."

3. That a hearing having been held in the matter on the 21st day of Oct. 1933, the Referee passed an Order allowing said claim as secured to the extent of the pro-

734

It appears that the property scheduled and listed in the inventory in the distraint proceedings had not been appraised up to the time of the bankruptcy but was afterwards appraised in the bankruptcy proceeding. The contention of the trustee before the Referee was that the distraint proceeding is invalid and does not constitute a properly secured claim. The Referee found, and it apparently is not disputed, that the original distraint warrant attached to the claim appears to be in the proper form and the inventory of goods and chattels was attached thereto. Apparently the only point stressed before the Referee in objection to the claim was that the distraint was ineffective on account of the fact that the property levied upon was not appraised in the distraint proceedings. No authority was cited to the Referee in support of this contention. The appeal from the Referee was duly set for hearing in open court but counsel for the respective parties did not personally appear, submitting the matter on brief written memoranda of argument. The brief on behalf of the trustee here stresses the contention that the lien was not valid because it would result in the creation of a preference within four months prior to bankruptcy and must therefore fall. This, however, quite overlooks the provision of section 64b (5) of the Bankruptcy Act, as amended by Act May 27, 1926, now § 64b (7) (11 USCA § 104 (b) (7), which gives priority to payment of "debts owing to any person who by the laws of the States or the United States is entitled to priority."

In a number of federal decisions relating to Maryland distraint proceedings, it has been held in this court and in the Circuit Court of Appeals for this Circuit, that a validly created landlord's distress against the goods of a tenant will be sustained in bankruptcy. The latest case on the subject reviewing prior cases is Irving Trust Co. v. Burke (C. C. A. 4) 65 F. (2d) 730, 732, 88 A. L. R. 877, confirming on this point the case of In re Rosenstock (D. C.) 1 F. Supp. 830, 831, where the pertinent authorities are also reviewed. The distraint in that case was, as here, issued within four months prior to the bankruptcy. That point, therefore, needs no further discussion.

As to the suggested invalidity of the dis-

ceeds derived from the property distrained upon, this order being attached hereto as "Exhibit #3."

4. That on the 3rd day of Nov. 1933, the said William C. Dean, Trustee, through Thomas W. Simmons, Esq., his Attorney, filed a petition for review of the Findings of the Referee in said matter, which is attached hereto as "Exhibit #4."

5. The facts as disclosed by the hearing are as follows: The bankrupt, prior to the adjudication, rented a store property from the claimants, Philip N. Linthicum et al. at a monthly rental of Fifty-Five ($55.00) Dollars. On the 21st day of Sept. 1931, distraint proceedings were instituted before George W. James, J. P., for five months rent, totaling Two Hundred and Seventy-Five ($275.00) Dollars. A constable laid the distress on the 25th day of Sept. 1931, and scheduled certain fixtures and furnishings located on the rented premises. On the 29th day of Sept. 1931, Lee W. Noble made a Deed of Trust for the benefit of his creditors, in favor of Thomas W. Simmons, Esq. The property scheduled in the distraint proceedings had not been appraised. On Nov. 6th, 1931, as a result of a voluntary petition, the said Lee W. Noble was adjudged a bankrupt and the property in question was appraised in the bankruptcy proceeding and has subsequently been sold by the trustee in bankruptcy. The contention of the trustee is that the distraint proceeding is invalid and

does not constitute a proper secured claim. The original distraint warrant attached to the Linthicum claim appears to be in the usual and proper form. The Inventory of Goods and Chattels is attached thereto.

The Referee can find no authorities or law to justify the contention of the trustee that the distraint would not be effective on account of the fact that the property levied upon was not appraised in the distraint proceeding.

Section 9 of Article 53 of the Code of Maryland prescribes that to distrain for rent, the Landlord or his agent may make oath before any officer of the County or State where the Landlord or Agent may reside who is qualified by law to administer oaths or affidavits and that the affidavit must specify the amount which said Landlord may claim to be due. The papers in this proceeding indicate that this requirement has been fully met. The only requirement relative to appraisement appears in Article 53, Section 14, which merely provides that not more than two appraisers shall be summoned and fixes the amount of their compensation.

The Referee, therefore, passed the Order hereto attached and the papers are herewith forwarded for review as prayed.

Edward T. Miller,
Referee in Bankruptcy.
November 8, 1933.

traint by reason of the fact that the appraisal of the property distrained upon had not been had prior to the bankruptcy, no authority is cited by counsel for the trustee in support of his contention, and I know of none. The purpose of the appraisal which is undoubtedly contemplated and provided for by the Maryland Statutes (see Md. Code, art. 53, § 14) would seem to have relation not to the effect of the lien but to the subsequent sale of the goods. A somewhat similar point with regard to the alleged insufficiency of notice to the tenant as affecting the validity of the lien obtained by the distress levied was considered by the Circuit Court of Appeals in the case of Irving Trust Co. v. Burke, 65 F.(2d) 730, 734, 88 A. L. R. 877, where it is pointed out on the authority of Keller v. Weber, 27 Md. 660, at page 666, that the notice is a preliminary to the sale, not to the distress on the regularity of which the right of possession of the goods depends, and the Circuit Court of Appeals adds:

"Since there is no question of sale pursuant to the distraint in this case, it follows that appellant had perfected a valid lien under the state law, irrespective of the sufficiency of the inventory, and is therefore entitled to a prior claim against the proceeds of the property on the demised premises."

This reasoning is likewise applicable to the point made that there was no appraisal prior to the bankruptcy. The appraisal is not a condition precedent to the levy of the distraint but only to a subsequent sale thereunder. Prior to the statute of 2nd William & Mary, sess. 1, chap. 6 (vol. 2 Alexander's British Statutes, p. 774) the landlord could not sell goods distrained but could only hold them as a pledge until the rent was paid. 36 C. J. 578, 580; Tiffany Landlord & Tenant, 2061, 2063. The landlord's power to sell was given by this statute which also provided for the appraisal of the goods and made it a condition precedent to the sale. The Maryland Code, art. 53, § 14, providing for appraisers is doubtless historically attributable to this statute. But the statute did not itself make a sale obligatory although if it was delayed for an unreasonable time the tenant might have a remedy against the landlord for consequential damages. This statute is in force in Maryland. State v. Timmons, 90 Md. 10, 44 A. 1003, 78 Am. St. Rep. 417; Cahill v. Lee, 55 Md. 319. As between the landlord and the tenant an agreement could be made postponing the sale but continuing the lien although if the sale was unreasonably delayed a bona fide purchaser of the goods distrained could get a valid title from the tenant. Lamotte v. Wisner, 51 Md. 559. Nothing appears in this case to indicate that the delay in making the appraisal was for an unreasonable length of time or that the tenant, subsequently the bankrupt, made any objection to the delay; and it does not appear that the delay was such under the circumstances as to cause a reasonable inference that the distraint had been abandoned.

For these reasons I confirm the Referee's order.