**In re SEWARD et al.**
No. 7538.

District Court, D. Maryland.
Nov. 5, 1934.

Wm. D. Gould, of Cambridge, Md., for petitioner.

Henry & Henry, of Cambridge, Md., for judgment creditors.

W. Laird Henry, Jr., of Cambridge, Md., trustee.

**WILLIAM C. COLEMAN,** District Judge.

The present case arises on a petition of Charles B. Brohawn, as the landlord of the premises occupied by the bankrupts, trading as Seward & Woolford, dealers in automobiles and accessories, for review of the referee's findings and order with respect to allowance of rent to the landlord.

The pertinent facts are as follows: On September 11, 1933, Seward & Woolford were adjudicated bankrupts in this court as a result of a voluntary petition. More than four months prior to that date, namely, on April 12, 1933, three judgments were obtained by third parties against the bankrupts, and the following day execution was issued on them and levy was made by the sheriff of Dorcester county on the bankrupts' property located on the rented premises. Thereupon, on the 22d day of April, 1933, Charles E. Brohawn, petitioner, and owner of the premises occupied by the bankrupts, distrained on this same property for rent in the amount of $670 claimed to be due and in arrears. The distraint was ineffective except against any distrainable property on the premises which might not have been included in the levy of April 13th, because the property covered by the levy was in custodia legis. On the same day, however, the landlord notified the sheriff of his claim for rent upon any proceeds from the sale of chattels located upon the rented premises at the time of the levy. This perfected the landlord's rights under the statute of 8 Anne, c. 14 (Alexander's British Statutes, Coe's Ed., vol. 2, p. 921), which will be discussed shortly. On August 31, 1933, the landlord issued a second distraint for additional rent. On September 7, 1933, the landlord repeated his notice to the sheriff regarding his rent claim against the seized chattels. The chattels levied upon were not removed from the premises, and up to the time of the adjudication in bankruptcy no sale had been made by the sheriff, whereupon the trustee in bankruptcy claimed the chattels, and they were surrendered to him. Thereupon, pursuant to order of this court, they were sold on December 20, 1933, at public sale, free and clear of all liens, the landlord reserving against the proceeds any lien or priority he might have had with respect to the chattels. The sole question presented is: For what amount has the claim of the landlord priority?

The landlord is claiming rent in the amount of $990, maintaining that, pursuant to the provisions of the statute of 8 Anne, he is entitled to rent from June 1, 1932, to September 11, 1933, or $990 on the basis of $67 per month to April 1, 1933, and on the basis of $60 per month from April 1, 1933, to September 11, 1933. These amounts are not disputed. The referee, however, allowed to the landlord priority of only $180, with interest from September 11, 1933, holding that chapter 48 of the Acts of Maryland of 1933 controls the present case, and not the statute of 8 Anne.

An understanding of what these two statutes provide in so far as they affect the present case is necessary. Summarized briefly, the statute of 8 Anne provides that, whenever execution has been had upon personal property, if the owner thereof is indebted for rent of the premises on which the property is located, the landlord shall first be reimbursed in an amount not exceeding one year's rent, out of the proceeds of the levy on the property, before execution is satisfied; and the later statute, chapter 48 of the Acts of Maryland 1933, provides that, whenever a tenant is adjudicated a bankrupt, rent which may then be due for a period not exceeding three months, shall constitute a lien upon, and shall have priority of payment in full out of, the tenant's distrainable property.

■ It is well settled that if, as here, a distraint is levied prior to the tenant's adjudication in bankruptcy, his landlord is entitled to priority, for accrued rent, out of the proceeds of sale derived from the bankrupt's assets by the trustee in bankruptcy. In re Southern Co. of Baltimore City (D. C.) 180 F. 838; Chaudron & Peyton (D. C.) 180 F. 841; Mt. Winans Lumber Co. (D. C.) 228 F. 831: Irving Trust Co. v. Burke (C. C. A.) 65 F.(2d) 730, 88 A. L. R. 877; In re Noble (D. C.) 6 F. Supp. 733. The referee, however, construed chapter 48 of the Acts of 1933 as superseding the statute of 8 Anne, and thus limited the amount of rent for which the landlord was entitled to priority to that for three months.

■■ Our conclusion is that the referee has erred in his interpretation of these statutes. We believe that the statute of 8 Anne has not been superseded by the legislation of 1933, but that the two have concurrent application to the present state of facts, to the following extent: Under the statute of 8 Anne, the landlord is entitled to priority for rent for ten months and twelve days preceding the levy of execution, because rent for this period had accrued and was due on that date. The rent for ten months was $670 for the premises here involved; the rent for one part of the premises being $550 for the period, at $55 a month, and for the other part $120, on the basis of $12 a month. After April 1st, the combined rent was reduced to $60 a month, and thus the rent for the additional twelve days at $2 a day would be $24, making a total of $694. Under chapter 48 of the Laws of 1933, the landlord is entitled to priority for three months' rent, that is to say, $180 at $60 a month, which gives us a total of $874, exclusive of interest, to which the landlord, we find, is entitled under both statutes. It will thus be seen that there is a gap, or interim period, of fifty-eight days between April 13 and June 10, 1933, which is not covered by either statute, which, on the basis of $60 a month, amounts to $116. This, added to the $874, equals $990, the amount which the landlord is claiming. However, the amount of $116 we believe has no priority.

For the aforegoing reasons, the order of the referee will therefore be modified to the extent of allowing the landlord as a preferred claim out of the funds in the hands of the trustee, not $180 with interest, but $694 with interest from April 13, 1933, to the date of payment by the trustee. This amount is to be treated as a secured claim by virtue of the lien given by the statute of 8 Anne, and, but for the consent of the landlord to look to the proceeds of sale in the hands of the trustee, would properly have been paid by the sheriff and would never have come under the jurisdiction of the bankruptcy court. The $180 is allowed as a preferred claim by virtue of the effect of chapter 48 of the Laws of 1933, but without interest, because the statute does not provide for interest, and a preference as to more than the statute expressly grants will not be implied. The balance of the landlord's claim, namely, $116, is allowed only as an unsecured claim, because, as just explained, it is not covered by any statutory provision.

It is to be understood, of course, that the priority hereby accorded with respect to $694 and interest is to become effectual only to the extent that the trustee has funds in his hands, realized from the sale of the property surrendered by the sheriff; and that the priority accorded the sum of $180 and interest is to be limited to the proceeds derived by the trustee from distrainable property of the bankrupts which will include any balance derived from the sale of the chattels surrendered by the sheriff, in excess of $694 and interest, and

in excess of the amount of the other liens against these chattels, such as the liens of the judgment creditors. Inasmuch as the total amount realized from all of the property of the bankrupts at the trustee's sale was less than $1,300, even if all of the property which the trustee sold had been seized under the levy, which is not capable of verification on the record as submitted, the sum in excess of $694 and interest would amount to considerably less than the amount of the liens of the judgment creditors, since these liens exceeded $3,000. Hence nothing would have passed to the trustee to which the rights created by chapter 48 of the Acts of 1933 might have attached. Thus the landlord's priority with respect to $180 appears to be an empty right, unless some of the proceeds of the trustee's sale were derived from distrainable property which had not been levied upon under the execution of April 13, 1933. A fortiori there would appear to be no funds to satisfy the balance of $116 hereby allowed as an unsecured claim.