EDGAR W. CARLISLE ET AL. *v.* VILLAGE OF SILVER CREEK.

. 1. OFFICIAL BONDS. *Evidence. Code* 1892, §§ 1793-1797. *Municipalities.*
Under Code 1892, §§ 1793.-1797, regulating the subject, in a suit
upon the official bond of a village marshal, a copy of which was
filed with the declaration, the copy of the bond so filed and the
minute book of the municipality containing a record of the same
is admissible in evidence in the absence of a plea denying its
execution.

2. SAME.
In such case it is competent to prove by the defendant that he
held the official position in question and executed the bond sued
upon as his official bond.

3. SAME. *Marshal. Assault in making arrest.*
Although a village marshal may make an arrest without a warrant
for an offense committed in his presence, he is liable on his
official bond for damages resulting from a brutal and wanton
assault in so making an arrest.

FROM the circuit court of Lawrence county.

HON. JOHN R. ENOCHS, Judge.

The village of Silver Creek, the appellee, suing for the use
of one Alonzo May, was the plaintiff in the court below; Car-
lisle and the sureties on his official bond, the appellants, were
defendants there. From a judgment in favor of the plaintiff
for $500 and costs, the defendants appealed to the supreme
court.

The declaration had attached to it and filed with it
a copy of the bond sued on, and on the trial plaintiff intro-
duced this in evidence, and also introduced the minute book
of the village containing a record of the official bond of de-
fendant, Carlisle. This was objected to by defendants, the
objection was overruled, and exception duly reserved. The
evidence for plaintiff on the merits was to the effect that at the
time laid in the declaration while plaintiff and another person

were standing talking, Carlisle, the marshal, came up, and undertook to arrest plaintiff for being drunk and disorderly in a public place, and struck him over the head with a club, and knocked him down, and struck him and knocked him down with the club several times, and held him down and beat him until he became insensible, and continued to beat him until some one interfered and stopped him.    Defendants' motion for a new trial was overruled.

*A. E. Weathersby,* and *R. D. Cooper,* for appellants.

The admission, over the defendants' objection, of the record of what purported to be Carlisle's official bond, is a fatal error. Unquestionably the record disclosed the fact that better evidence than itself existed, and plaintiff made no effort to introduce that better evidence or to account for its absence.    Therefore the page of the book introduced as the minutes of the board of mayor and aldermen of the village of Silver Creek was secondary evidence.    The failure to introduce the original bond was not cured by the testimony of defendant, Carlisle, which was given over the objection of his counsel, for the reason that he was incompetent to show by his testimony what the record contained.    A record speaks for itself.    *Ferguson* v. *Brown,* 75 Miss., 214.

From the evidence in the case it appears that the book introduced as the minutes of the board of mayor and aldermen of the village of Silver Creek is but a copy of the original minutes as made by the clerk of said board, and the page of said book introduced in evidence over defendants' objection was not transcribed thereon by the clerk of said board, and is but a copy of a copy, and was not admissible.    *Cary* v. *Fulmer,* 74 Miss., 729.

*G. Wood Magee,* for appellee.

A copy of the bond sued on was filed with the declaration in the case.    Appellee did not have to account for the original bond,

as appellants seem to think, before he could be permitted to introduce evidence as to the copy filed or before he could introduce the recorded bond in evidence. Under §§ 1779, 1793, 1794, Code 1892, appellee could have saved himself the trouble of putting witnesses on the stand and introducing the recorded bond if he had produced in court a certified copy of this bond. Appellants did not file a sworn plea denying the execution of the bond, and hence appellee was not put to strict proof of the execution of the bond by defendants. But introducing a certified copy is not the only way of making proof of a document. A witness may be permitted to testify to the correctness of the copy, as witnesses Denson, Berry, and Carlisle did on the trial hereof. 4 Cyc. of Ev., 827, 828.

Nothing in the record shows that the jury were prompted by passion or prejudice, partiality or corruption, and the court will not disturb their finding. They evidently thought, as did the witnesses for appellee, that the marshal had no right to beat a man senseless, and strike him on the back of the head while down, for no cause other than because appellee was drunk on the streets of the village.

There is a difference between brute force and official authority, but this marshal of Silver Creek failed to recognize the difference. "Except in self-defense an officer has no right to proceed to the extremity of shedding blood in arresting, or preventing the escape of one whom he has arrested, for an offense less than felony, even though the offender cannot be taken otherwise." 3 Cyc., 892; *Brown* v. *Weaver,* 76 Miss., 7; *Thomas* v. *Kinkead,* 55 Ark., 502; *Wallace* v. *State,* 21 South. Rep., 662.

TRULY, J., delivered the opinion of the court.

The record and the copy of the official bond of Carlisle as marshal, in the absence of any plea denying the execution thereof or the signature thereto, were properly admitted in evidence. Code 1892, § § 1793–1797. It was perfectly

competent to prove by appellant, Carlisle, when testifying as a witness in his own behalf, that he occupied the official position of marshal, and that as such officer he had executed the bond sued on.

On the merits: If the testimony for the appellee be true—and the jury accepted it as truth—he was the victim of a cruel, brutal, and wanton assault, clearly entitling him to the full amount of damages awarded. Officers are charged with the duty of enforcing the law and given the authority of arresting without warrant all those committing offenses in their presence, and in effecting such arrests may use such force as may be necessary to overcome resistance. But in this case, even if it be assumed that the arrest of May without warrant was at the time lawful, the officer far exceeded the authority vested in him, and became himself a violator of the law.

*The judgment is affirmed.*