## MASSACHUSETTS BONDING & INS. CO. v. CUDAHY PACKING CO.

No. 3846.    Decided December 14, 1922.    (211 Pac. 706.)

1. PLEADING—OMISSIONS IN COMPLAINT CURED BY ANSWER. Where the omissions of a complaint for negligence of defendant's truck in breaking a plate glass window were supplied by the answer which covered every question relating to defendant's

negligence and the trial proceeded on the theory that the entire question of defendant's liability was before the court, the defect was thereby cured.[1]

2. APPEAL AND ERROR—ADMISSION OF ASSIGNMENT OF INSURED'S RIGHT UNDER POLICY TO INSURER NOT PREJUDICIAL. In action by an insurance company for indemnity on account of the breaking of a plate glass window, in view of the policy conferring a right by subrogation, plaintiff, having settled for the damage, had a right of action against defendant independent of a formal assignment, and admitting in evidence a written assignment to plaintiff executed six months subsequent to commencement of the action was without prejudicial error.

3. APPEAL AND ERROR—ADMITTING POLICY IN EVIDENCE TO SHOW INSURED'S RIGHTS OF SUBROGATION NOT ERROR. In an action by insurer for indemnity against defendant for the breaking a plate glass window which plaintiff settled for, where under the policy plaintiff by subrogation had a right of action against defendant, admitting the policy in evidence was not prejudicial, as it did not deprive defendant of a substantial right.

4. PLEADING—PERMITTING AMENDMENT TO SHOW TRUE NATURE OF PLAINTIFF'S RIGHT HELD WITHIN COURT'S DISCRETION. Where insurer brought action against defendant to be indemnified for defendant's negligence in breaking a plate glass window, permission, at conclusion of the trial to amend the complaint by pleading its right of subrogation and showing the true nature of plaintiff's right was within the court's discretion.

5. MUNICIPAL CORPORATIONS—CITY CONTRIBUTING TO INJURY DID NOT RELIEVE TRUCK OWNER FROM LIABILITY FOR NEGLIGENCE OF DRIVER. Where a truck driver negligently drove into a plate glass window, the fact that the city may have contributed to the injury by its negligence in not repairing the rough condition of the streets did not excuse defendant or relieve it from liability.[2]

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie*, Judge.

[1] *Chesney* v. *Chesney*, 33 Utah, 503, 94 Pac. 989, 14 Ann. Cas. 835.

[2] *White* v. *Shipley*, 48 Utah, 496, 160 Pac. 441; *Metcalf* v. *Mellen*, 57 Utah, 44, 192 Pac. 676; *Shepard* v. *Utah L. & T. Co.*, 55 Utah, 186, 184 Pac. 542; *Burt* v. *Utah L. & T. Co.*, 26 Utah, 157, 72 Pac. 497; *Davis* v. *Mellen*, 55 Utah, 9, 182 Pac. 920; *Romney* v. *Lynch*, 58 Utah, 479, 199 Pac. 974.

Action by the Massachusetts Bonding & Insurance Company against the Cudahy Packing Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*C. W. Collins,* of Salt Lake City, for appellant.

*Clawson & Elsmore,* of Salt Lake City, for respondent.

THURMAN, J.

Plaintiff, a Massachusetts corporation doing business under the laws of Utah, brought this action to recover damages for injuries to certain property situated in Salt Lake City, Utah.

It is alleged in the complaint that on September 3, 1920, the Evona Investment Company, a corporation, was the owner of the premises at No. 22 West First South street in said city; that the premises are on the north side of said street, and that an alleyway runs along the east side of said premises; that the premises on such date were used as a store and had a large plate glass window fronting on said alleyway at its junction with said street. It is then alleged in the complaint that on said date defendant carelessly and negligently operated a certain truck while entering said alley and ran into and broke said plate glass window to the damage of said Evona Investment Company in the sum of $124.60. The complaint alleges an assignment of said cause of action to the plaintiff.

The defendant interposed a general demurrer to the complaint and also demurred for uncertainty and unintelligibility, in that the complaint alleged only conclusions of law and stated no fact or facts constituting negligence. The demurrer, except as to unimportant particulars, was overruled.

Defendant answered the complaint and denied every allegation tending to charge liability. It affirmatively alleged,

in substance, that at the time of the accident alleged in the complaint the approach from First South street to the alley in question was in a bad condition for travel; that the curb gutter between said street and the north sidewalk thereof which a vehicle would have to cross in order to enter said alley from the street had large holes in it which Salt Lake City had negligently permitted to remain, and that it was impossible for a truck to enter said alley without striking and driving the wheels of said truck into said holes; that said holes were full of muddy water so that the depth and extent thereof could not be seen by a truck driver entering said alley; that it was impossible for a truck driver unfamiliar with said holes to guide and control his truck when the wheels thereof struck said holes, and the impact of striking them frequently jerked the steering wheel completely out of the driver's hands. It is further alleged, in effect, that the sidewalk between the gutter and alley was rough and uneven and had holes several inches deep in the surface thereof, thereby greatly increasing the difficulty of regaining control of a truck after it had passed through the holes in said gutter; that all of said conditions had been by said city negligently permitted to be and remain for a long period of time prior to the accident complained of; that no notice or danger sign had been placed where truck drivers could see the same either by said city or the said Evona Investment Company. Finally, it is alleged that on the date of the accident the defendant's truck driven by an experienced and competent driver, driving carefully, and at a reasonable rate of speed, to wit, from six to eight miles an hour, and with all due caution on his part, started to enter said alley on business; that when a front wheel struck in one of said holes in said gutter the impact or shock wrenched the steering wheel from the driver's control without fault on his part, and before he could regain said control the truck passed over said sidewalk and struck and broke said windowpane, through no fault of the driver, but wholly through the fault of said city and plaintiff's assignor, the Evona Investment Company.

The foregoing is the substance of the pleadings originally filed in the case and upon which the trial proceeded.

At the conclusion of the evidence plaintiff was permitted to amend its complaint by alleging excessive speed as a ground of negligence and also by pleading that it was subrogated to the rights of the Evona Investment Company. The defendant objected to the last amendment on the ground that it was substituting an entirely different cause of action from that alleged in the original complaint.

Defendant was also permitted to amend its answer by alleging that the speed of the truck was from four to five miles an hour upon entering the alley, instead of from six to eight as alleged in the original answer.

The case was tried to the court without a jury. The court found the issues in favor of plaintiff, and judgment was entered for the amount prayed for in the complaint.

Defendant appeals and assigns as error the overruling of its demurrer, the admission of evidence over defendant's objection, the denial of defendant's motion for a nonsuit, and permitting plaintiff to amend its complaint by alleging a right by subrogation. Defendant also assigns as error insufficiency of the evidence to sustain the findings.

It may as well be determined here as at any other stage of the opinion that, unless some of the evidence necessary to sustain the findings was erroneously admitted and was prejudicial to the substantial rights of defendant, the findings of the court are amply sustained by the evidence.

The evidence tends to show that plaintiff as its name indicates, was engaged in a bonding and insurance business; that it insured the Evona Investment Company against damage to the plate glass window in question; that the condition of the gutter, sidewalk and premises was substantially as alleged in defendant's answer; that the defendant on the date of the accident was engaged in delivering meat at some place of business fronting on Main street, between South Temple and First South streets; that the delivery was to be made at the rear end of said place of business through the alley-way in question; that a new driver was driving the

truck, but he was accompanied by the old driver, who was sent along to point out the way; that just before they reached the gutter the old driver warned the new driver of the condition of the gutter and the entrance to the alley; that the truck was being driven from eight to ten miles an hour when it started to enter the alley; that after crossing the gutter it turned toward the northwest and against the window, breaking it and causing the damage complained of.

The evidence further tends to show that the damage actually sustained was equal to the amount demanded in the complaint, and that plaintiff, as insurer of the property, indemnified the insured or repaired the loss to the full extent thereof.

There is some conflict in the evidence as to the speed at which the truck was being driven, but there is substantial evidence to sustain the finding that it was running from eight to ten miles an hour.

As conclusion of law the court found that entering the alley at a speed of eight miles an hour was negligence, and that such negligence was the proximate cause of the injury.

The defendant not only demurred to the complaint, as hereinbefore stated, but at the trial objected to any evidence in support thereof. The rulings of the court thereon constitute appellant's first assignment of error. The contention is that no facts constituting negligence are pleaded, and that the allegations of the complaint respecting negligence are mere conclusions of law.

If defendant had stood upon its demurrer and judgment had been entered against it, an appeal therefrom must have resulted in a reversal of the judgment.

One of the best considered cases involving that question decided by this court is that of *Chesney* v. *Chesney*, 33 Utah, 503, 94 Pac. 989, 14 Ann. Cas. 835. In that case the court reaffirmed the elementary doctrine that facts and not mere conclusions of law must be pleaded in order to state a cause of action.

Respondent, however, contends that conceding the complaint to be defective, as challenged by the demurrer, the

defect was nevertheless cured by the defendant's answer which covered the whole ground of contention and stated fully just how the accident occurred, and the proximate cause thereof. Respondent upon this point, relies on *Chesney* v. *Chesney*, to which we have just referred, and Bliss on Code Pleading (3d Ed.) § 437.

We are of opinion that respondent's contention is well sustained by reason as well as by the authorities referred to, and that the omissions in the complaint of which defendant complains were fully supplied by its answer filed in this case. Not only does the answer cover every question relating to defendant's negligence, but the trial proceeded from beginning to end upon the theory that the entire question of defendant's liability was before the court.

The written instrument evidencing the assignment of the cause of action from the Evona Investment Company to the plaintiff was not executed until about six months subsequent to the commencement of the action, and for this reason defendant objected to its admission when offered in evidence. The objection was overruled and defendant assigns the ruling as error. In view of the affirmative matter in defendant's answer, which seems to recognize the plaintiff as assignee of the Evona Investment Company, it is extremely doubtful if there is any merit in this assignment; but for other reasons which will appear later on the assignment should not prevail.

Defendant also objected to the admission in evidence of the insurance policy, under which plaintiff had insured the property. The objection was overruled and the ruling assigned as error. The policy contained the following clause:

"F. In case of loss under this policy the company shall be subrogated to the amount of such payment to the assured's rights of recovery against others for such loss, and the assured shall execute papers when required, and shall cooperate with the company to secure to the company such rights."

At the conclusion of the trial the court, over defendant's objection, permitted the plaintiff to amend its complaint by pleading a right by subrogation.

The three assignments last referred to are closely inter-related, and for that reason will be considered together.

In view of the clause in the policy conferring a right upon the insurer, by subrogation, it will at once occur to the legal mind that, plaintiff having settled in full for the damage done to the plate glass window, it had a right of action against the defendant entirely independent of a formal assignment. *St. Louis, A. & T. Co.* v. *Fire Ass'n of Phil.*, 60 Ark. 325, 30 S. W. 350, 28 L. R. A. 83. The assignment was therefore wholly unnecessary, and conse-quently its admission in evidence was not prejudicial error. The admission of the policy in evidence was not prejudicial, for it deprived defendant of no substantial right. The al-lowance of the amendment to the complaint showing the true nature of plaintiff's right was but the exer-cise of a proper discretion on the part of the court in the administration of substantial justice.

There is no denying the fact that there was more or less irregularity in many of the proceedings charged as error, but the question in such case always is: Was the party com-plaining deprived of a substantial right?

The contention made by appellant that because of the subrogation clause in the policy it became necessary that plaintiff should have an assignment is untenable. The pol-icy says: "The assured shall execute papers required." Required by whom? Clearly, it does not mean the defend-ant. It means the insurer. The entire clause was, mani-festly, inserted for the insurer's benefit. If after settling for the damage, and thereby indemnifying the assured, the insurer should require papers evidencing its right by subro-gation it was given the right to make the requirement and if need be to enforce the same by a proper proceeding in court.

Appellant cites the following authorities, none of which supports its contention: *Insurance Co. of No. America* v. *Fidelity Title & Trust Co., Trustee*, 123 Pa. 523, 16 Atl. 791, 2 L. R. A. 586, 10 Am. St. Rep. 546; *Underwriters at Lloyd's Ins. Co.* v. *Vicksburg Traction Co.*, 106 Miss. 244, 63 South.

455, 51 L. R. A. (N. S.) 319; *Niagara Fire Ins. Co.* v. *Fidelity Title & Trust Co.*, 123 Pa. 516, 16 Atl. 790, 10 Am. St. Rep. 543.

Defendant also assigns as error the overruling of its motion for a nonsuit.

As the evidence stood at the time the motion was made, the overruling of the motion was probably erroneous; but in view of the answer of defendant, the evidence in support thereof, and the subsequent proceedings above set forth, we are of opinion that the error, if any, was not prejudicial to the substantial rights of defendant.

Finally, it is contended by defendant that the injury complained of was caused by the negligence of Salt Lake City and not by the negligence of defendant. Many cases are cited by defendant under this subhead of its argument. *M. & K. T.* v. *Vandervort*, 71 Kan. 101, 79 Pac. 1068, 6 Ann. Cas. 30; 37 Cyc. 298; *White* v. *Shipley*, 48 Utah, 496, 160 Pac. 441; *Richardson* v. *Seattle*, 97 Wash. 521, 166 Pac. 1131; *Merrill* v. *Claremont*, 58 N..H. 468; *Judd* v. *Claremont*, 66 N. H. 418, 23 Atl. 427; *Flagg* v. *Hudson*, 142 Mass. 280, 8 N. E. 42, 56 Am. Rep. 674; *Hayes* v. *Hyde Park*, 153 Mass. 514, 27 N. E. 522, 12 L. R. A. 249; 25 Century Digest, 497; *Metcalf* v. *Mellen*, 57 Utah, 44, 192 Pac. 676; *Shepard* v. *Utah L. & T. Co.*, 55 Utah, 186, 184 Pac. 542; *Burt* v. *Utah L. & T. Co.*, 26 Utah, 157, 72 Pac. 497; *Davis* v. *Mellen*, 55 Utah, 9, 182 Pac. 920, 7 A. L. R. 1193; *Romney* v. *Lynch*, 58 Utah, 479, 199 Pac. 974. Some of the cases relied on seem to have no bearing at all on the question presented here. The reference to the Century Digest is evidently a mistake. Such of the cases as appear to lend support to appellant's contention are undoubtedly against the weight of authority. 29 Cyc. 466-468. See, also, authorities cited by respondent: 22 R. C. L. 128; 17 L. R. A. 33; 2 Cooley on Torts (3d Ed.) 1471.

In Cooley on Torts, supra, it is said:

"In general the negligence of third parties concurring with that of the defendant to produce an injury is no defense; it could at most only render the third party liable to be sued also as a joint wrongdoer."

Then follow some exceptional cases. The defendant does not come within the exceptions. The other authorities cited are to the same effect.

For the purposes of discussion it may be assumed that Salt Lake City was negligent in permitting the approach and entrance to the alley to be and remain in the condition it was at the time of the accident. All the more reason why the defendant's driver, who had been informed of the condition, should have driven more slowly and used greater care in attempting to enter the alley. There can be no question whatever as to the sufficiency of the evidence to justify the finding upon the question of negligence. The fact that Salt Lake City may have contributed to the injury does not excuse the defendant or relieve it from liability.

We find no reversible error in the record.

The judgment of the trial court is affirmed, at appellant's cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.