MOUNTAIN STATES TEL. & TEL. CO. v.
CONSOLIDATED FREIGHTWAYS et al.

No. 7755. Decided March 27, 1952. (242 P. 2d 563.)

See 61 C. J. S., Motor Vehicles, sec. 518. Highway, obstruction vision as to. 5 Am. Jur., Automobiles, sec. 269-272.

*E. L. Schoenhals, J. Royal Andreasen,* Salt Lake City, for defendant and appellant.

*Leonard J. Lewis,* and *Van Cott, Bagley, Cornwall & McCarthy,* all of Salt Lake City, for plaintiff and respondent.

*Gustin, Richards & Mattsson,* and *E. F. Richards,* all of Salt Lake City, for defendant and respondent.

McDONOUGH, Justice.

One question of substance is presented by this appeal, namely, whether the record supports the finding of the trial court that plaintiff's damage was caused by the negligence of defendant Gordon Ray.

On February 14, 1949, a gasoline truck and tank trailer belonging to appellant, one of the defendants below, ran some 12 feet from the edge of State Highway 30 near Brigham City, Utah and collided with a high transmission tower, breaking the concrete base thereof and ▮ the electric wires supported by it and causing a gasoline explosion and fire which burned plaintiff's telephone pole and wires. Respondent, plaintiff below, sued the appellant and Consolidated Freightways, a corporation, to recover for the resulting damage. The action was tried to the court without a jury. The court made findings of fact determining that appellant was negligent in the manner in which it operated its truck and trailer at the time and place in question and that its negligence was the proximate cause of plaintiff's damage. Appellant's sole contention of any substance is that the damage suffered by plaintiff was the result of the negligence of its codefendant, Consolidated Freightways, and that the record reveals no negligence upon his part which proximately caused such damage. This assignment of error requires merely that we examine the record in the aspects most favorable to the plaintiff to determine whether there is evidence to support the judgment of the court below. *Beagley* v. *U. S. Gypsum Company,* 120 Utah 487, 235 P. 2d 783, and cases there cited.

Highway 30 extends westward from Brigham City, Utah toward Tremonton, Utah. During the extraordinarily heavy snows of February 1949, snowplows had left banks of snow

approximately three feet high on each side of Highway 30 west of Brigham City. On the date of the accident, there was near the scene thereof, on account of the terrain and the prevailing winds, an area about a mile long where the highway had varying amounts of snow blown upon it for a distance of about a mile. Within this mile-long area the snow had drifted most heavily onto the highway in an area 400 to 600 feet long. Toward the western end of this area the tower hereinbefore mentioned was located.

It was the practice of the highway department, where possible, in clearing the roads, to plow a channel 20 to 22 feet wide through the snow drifts. However, in the area of heavy drifts because of snow blowing onto the plowed channel, the passageway thus cleared would be partially blocked by such drifts. Such was the situation on the day of the accident in question along the 400 to 600 feet stretch just mentioned. In such area the portion of the road which might be traveled was narrowed to a distance of, at most, 17 feet. Since the respective vehicles of the two defendants were eight feet wide, such passageway would make barely possible the passage of the two vehicles within such area.

Appellant's driver on the day in question was, as noted, operating a gasoline truck and tank trailer in a westerly direction on highway 30 enroute from Salt Lake City, Utah to Tremonton, Utah. The truck and trailer were loaded with a cargo of 7200 gallons of gasoline. The occurrence under discussion took place at 6 o'clock on the morning of February 14, 1949, at which time it was sufficiently dark to require the use of lights on the respective vehicles.

Appellant had been over the road between Tremonton and Salt Lake City, driving in the opposite direction on the evening prior to the day of the accident. A witness testified that in the area where the accident happened the condition of impaired clearance had existed for several days. The trial court could infer from these facts that appellant knew of the condition of the highway as he approached the area. As appellant drove from Brigham City toward such

area he observed the lights of vehicles approaching from the west. As he neared this area, the driver of one of those vehicles, which later proved to be that of defendant Consolidated Freightways, gave appellant's driver a one-flash light signal which to truck drivers meant "caution". In answer to this signal, appellant's driver responded with a two-flash light signal, which to truck drivers meant "okeh, keep coming". Appellant's driver and the driver of codefendant's truck drove into the area of impaired clearance at such time as to necessiate their passing therein. It was at the approach of their anticipated point of meeting where appellant's truck ran off the roadway and collided with the transmission tower. The impact of his truck with the tower was of sufficient force to break a concrete pillar about 12 inches square at the base thereof.

We briefly summarize the conduct of appellant's driver which the trial court might appraise as evidencing a lack of due care: He approached the area which he knew, or in the exercise of due care should have known, to be an area of danger, at a speed of from 30 to 40 miles per hour. He decreased his speed but slightly upon entering such area and it was upon his attempting to further reduce speed by the use of his brakes that his trailer was caused to skid resulting in the vehicle running off the highway and into the base of the tower. In view of the weight of his vehicle and the nature of his cargo, such speed might well be found to be negligent. As such driver approached the hazardous area he received a caution warning from the driver of the approaching vehicle. In response thereto he, in effect, beckoned such driver to come ahead but nevertheless drove his heavy and unwieldy vehicle into the area of hazard. Such conduct may properly be characterized as falling short of that of a reasonably prudent person. The court, therefore, did not err in finding it to be such. That the negligence so found was the proximate cause of the resulting damage is obvious. It was clearly foreseeable that such negligent conduct might re-

sult in damage to property near the highway. Negligence is the proximate cause of damage even though the actor was not able to foresee the injury in the precise form in which it occurred, nor to anticipate the precise damage which would result from his negligence. *Furkovich* v. *Bingham Coal & Lumber Co.*, 45 Utah 89, 143 P. 121, L. R. A. 1915B, 426. The fact that the trial court might well have found the codefendant guilty of actionable negligence is a matter concerning which appellant has no standing to make a complaint. *Massachusetts Bonding & Ins. Co.* v. *Cudahy Packing Co.*, 61 Utah 116, 211 P. 706, Restatement, Law of Torts, Vol. 2, § 447.

A second assignment of error is briefly argued by appellant. It predicates error upon the trial court's denial of appellant's motion to strike certain testimony of a witness relative to the speed of appellant's truck. We find such assignment so lacking in merit as not to justify a serious discussion thereof in this opinion. The trial court ruled correctly in denying the motion.

The judgment is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT, and HENRIOD, JJ., concur.