## CHESNEY v. CHESNEY. .

### No. 1903. Decided April 8, 1908 (94 Pac. 989).

1. PLEADINGS—CONSTRUCTION—STATUTES. Revised Statutes 1898, section 2986, providing that pleadings shall be construed liberally with a view to substantial justice between the parties, is ineffective to cure a defect in the complaint which is insufficient for failure to allege an indebtedness.[1]

2. SAME—ALLEGATION OF INDEBTEDNESS—LEGAL CONCLUSIONS. A complaint alleging that on a specified date defendant was indebted to plaintiff in the sum of $6,009.20 was an allegation of a mere legal conclusion, and was insufficient without a further statement of the material facts from which the indebtedness arose.

3. SAME. An allegation that a certain sum is now due and owing from defendant to plaintiff is ineffective as an allegation of an indebtedness, unless preceded by a statement of the facts out of which the indebtedness arose showing a promise and consideration therefor.

4. MORTGAGES—DEED AS MORTGAGE—FORECLOSURE—MERGER OF DEBT—COMPLAINT. Where a complaint alleged that a deed sought to be foreclosed as a mortgage was given to secure an antecedent indebtedness, the debt was not merged in the mortgage, and hence a reference in the complaint to the deed and an option agreement to reconvey attached as an exhibit was insufficient to obviate the necessity of an allegation in the complaint of an existing indebtedness from defendant to plaintiff.

5. SAME—FORECLOSURE—PERSONAL JUDGMENT. In an action to foreclose a mortgage given to secure a debt or obligation, it must be made to appear by proper averments that there is an existing ob-

---

[1] Pugmire v. O. S. L. Ry. Co. (Utah), 92 Pac. 762; Baily v. Leishman (Utah), 89 Pac. 78.

ligation to pay, precisely the same as though the action were instituted to obtain a personal judgment merely since, where there is no right to a personal judgment in case the mortgage is given as security for money only, there can be no right to foreclosure or to subject the property to the payment of the debt until the right to a judgment at law is made to appear from the complaint.

6. PLEADING—CURING DEFECTS BY ANSWER. If there is a defect of substance in a complaint by reason of which no cause of action is stated, and the answer supplies such defect, the defendant may not avail himself thereof after verdict and judgment, under Revised Statutes 1898, section 2965, providing that the pleading over to any action after the overruling of a demurrer shall not be deemed or considered a waiver of the demurrer.

7. JUDGMENT—SUPPORT IN PLEADINGS. Whether a judgment is supported by the pleadings depends, not on the allegations of the complaint alone, but on a reasonable construction of all the pleadings considered together.

8. PLEADING—DEFECTIVE COMPLAINT—EFFECT OF ANSWER. Where a complaint to foreclose a deed as a mortgage alleged that the deed was given to secure payment to plaintiff of $6,009.20, and prayed judgment for $7,491.59, with interest, etc., but failed to allege an "existing" indebtedness by defendant to plaintiff, such defect was not cured by a general denial followed by an admission that the deed was given as security for an indebtedness then existing by defendant to plaintiff, not exceeding $4,600; such allegation not being an admission of any indebtedness at the time suit was brought.

9. MORTGAGES—FORECLOSURE—PLEADINGS. Where a complaint to foreclose a deed as a mortgage sought to enforce the same as security for defendant's payment to plaintiff of $7,491.59 and interest, but the complaint failed to allege an existing indebtedness, and the answer contained an admission that the deed was given to secure a debt amounting to only $4,600, the pleadings were insufficient to sustain a judgment for plaintiff for $8,292.69, though the answer be regarded as curing the defect in the complaint to the extent of the amount defendant admitted the deed was given to secure.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by Annie W. Chesney against James Chesney. Judgment for plaintiff, and defendant appeals.

REVERSED WITH DIRECTIONS.

*M. E. Wilson* for appellant.

*W. R. Hutchinson* for respondent.

FRICK, J.

The respondent commenced this action in the district court of Davis county by filing her complaint in words and figures as follows: "The plaintiff complains, and alleges: (1) That on the 25th day of August, 1902, at Salt Lake City, Utah, the defendant was indebted to the plaintiff in the sum of $6,009.-20. (2) That the said defendant, to secure the payment of the said principal sum and interest thereon at 8 per cent. per annum from said date, did execute, under his hand and seal, and deliver to said plaintiff, a certain deed bearing date August 25, 1902, conveying to this plaintiff the following named and described real estate situated and being in Davis county, state of Utah, to wit [describing it], which said deed was duly acknowledged and certified so as to entitle it to be recorded, and the same was afterwards, to wit, on the 28th day of August, 1902, duly recorded in the office of the county recorder of the county of Davis, state of Utah, in Book P of Deeds, on page 516. The copy of said deed with the indorsements thereof is hereto annexed, marked 'Exhibit A,' and made a part of this complaint. (3) That said deed was executed and delivered by the defendant to the plaintiff as security for $6,009.20, together with interest at eight per cent. per annum from August 25, 1902, and that no part of said sum has been paid by the defendant to the plaintiff, and that there is now due and owing from the defendant to the plaintiff, including interest to this date upon said principal sum, the total amount of $7,491.59. (4) Plaintiff further alleges that said warranty deed was given by defendant to this plaintiff conveying said described real estate as a mortgage to secure said indebtedness. (5) Plaintiff alleges that on the 25th day of August, 1902, at Salt Lake City, Utah, she executed in writing an agreement agreeing to convey said described real estate to the defendant herein on or before three years from said date upon his payment to this plaintiff

of the sum of $6,009.20, together with interest at eight ·per cent. per annum from said date. A true and correct copy of said agreement is hereto attached, marked 'Exhibit B,' and by reference made a part of this complaint. (6) Plaintiff further alleges that defendant has wholly failed to pay the said sum of $6,009.20, together with the interest thereon from said date or any part thereof, and has wholly failed to comply with the terms and conditions of said written agreement, and that all his rights under the terms of said written agreement have ceased and are determined, time being of the essence of said contract. (7) Plaintiff alleges that her lien and claim on said described premises is a first and prior lien to all claims of every person or persons whatever. Wherefore the plaintiff prays judgment against the said defendant: (1) For the sum of $7,491.59, with interest at the rate of eight per cent per annum from this 11th day of June, 1906, and for costs of suit." The respondent also prayed for a foreclosure of the mortgage, for a sale of the property, and for general relief. The following are the exhibits referred to in the complaint: Exhibit A: "Warranty Deed.· James Chesney, grantor, of Salt Lake City, county of Salt Lake, state of Utah, hereby conveys and warrants to Annie W. Chesney (wife of said James Chesney, grantor) grantee, of the same place, for the sum of ten thousand dollars, the following described tract of land in Davis county, Utah: [Describing it.] Witness," etc. Exhibit B: "Salt Lake City, Utah, August 25, 1902. For value received, I hereby agree that upon the payment to me of the sum of $6,009.20, with interest thereon at eight per cent. per annum, payable quarterly from this date, on or before three years from this date, I will convey to James Chesney, his heirs or assigns, by deed warranting against all claiming under me, the following land in Davis county, Utah, to wit: [Describing it.] If interest is delinquent three months after due, this contract ceases and determines. The said James Chesney is to pay all taxes on said land during the life of this agreement. Time is of the essence of this contract. In duplicate. Annie W. Chesney." To this complaint the appellant interposed a demur-

rer (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that the complaint is uncertain with regard to the alleged indebtedness. The demurrer was overruled and the appellant answered. A trial was had to the court which resulted in findings and judgment in favor of respondent, and hence this appeal.

The principal error assigned and relied on in the brief of counsel for appellant, and on the oral argument, relates to the ruling of the court upon the demurrer. It is contended that the complaint is fatally defective, in that the facts therein stated do not constitute a cause of action against appellant, and that therefore it affords no support for the judgment. Respondent's counsel invokes the rule stated in section 2986, Revised Statutes 1898, which provides:

"In the construction of a pleading for the purpose of determining its effect. its allegations must be liberally construed, with a view to substantial justice between the parties."

This is a most salutary rule, and no doubt is intended to be applied in all cases of doubtful pleadings. But it was intended that the rule should be applied so as to promote "justice between the parties," and not in favor of one only. To construe the allegations of the complaint in case of serious doubt of its sufficiency so as to make it sufficient may be very desirable for the plaintiff, but may work a serious hardship, if not an irreparable injury, to the defendant. The purposes of written pleadings are well stated by Mr. Phillips, in his excellent work on Code Pleadings, sec. 356, in the following language:

"(1) To show to the court that there is *prima facie* occasion for judicial interposition; (2) to disclose and formulate any resulting contention *inter partes;* and (3) to predefine the nature and scope of the trial."

To comply with these purposes, it is necessary that the pleader state in plain and concise language the ultimate facts that constitute the cause of action or the defense thereto. These facts must likewise be stated with sufficient circumstantiality to apprise the opposite party of just what is claim-

ed, so that he may answer it and prepare to meet it at the trial. In view of what has been said, does the complaint' state a cause of action? The first paragraph of the com-. plaint is as follows: "That on the 25th day of August, 1902, at Salt Lake City, Utah, the defendant was indebted to the plaintiff in the sum of $6,009.20." This is a statement of a mere legal conclusion, which can neither be admitted by demurrer nor denied by answer. In 12 Ency. Pl. & Pr. 1042, the rule with regard to legal conclusions is stated thus:

"A general allegation of indebtedness is but the statement of a legal conclusion and insufficient. All the material facts from which the indebtedness arose, and of which proof will be necessary, must be set out for the guidance of the other side."

In *Camplin v. Eads*, 24 S. W. 1068, the Court of Appeals of Kentucky in passing upon the sufficiency of the allegation of indebtedness in a counterclaim states the rule in the syllabus as follows: "No defense is stated by an allegation that plaintiff is indebted to defendant in a certain sum when the origin or nature of the indebtedness is not stated." In *Cal. State Tel. Co. v. Patterson*, 1 Nev. 150, the Supreme Court of Nevada in passing upon this question, at page 157, says:

"It [the complaint] alleges that 'on the 17th day of October, A. D. 1864, at Carson City, in said county of Ormsby, the said defendant became indebted to the said plaintiff in the sum of $400, for so much money, at or before that time had and received, and in consideration thereof, then and there promised to pay the said sum when thereunto requested.' Then follows the allegation that, though requested, the defendant had refused to pay, etc. A complaint so general, uncertain, and inartistic we think would not, even in the most liberal practice observed under the Code, be held good on general demurrer. The allegation that defendant became indebted to the plaintiff is simply a statement of a conclusion of law. The facts out of which the indebtedness arose should have been stated."

In *Hall v. Southmayd*, 15 Barb. (N. Y.) 32, it is held that "it is not sufficient to allege that the defendant is indebted to the plaintiff in a certain sum." In *Bailey v. Richmond*, 49 Super. Ct. (N. Y.) 519, a demurrer was sustained to a complaint which merely stated that defendant was indebt-

ed to plaintiff upon the ground that this was a statement of a legal conclusion. In *Pelton v. Bemis*, 44 Ohio St. 58, 4 N. E. 716, the Supreme Court of Ohio, after discussing when legal conclusions under certain conditions may be sufficient in a pleading, concludes as follows:

"But we know of no case, and certainly none has been cited, that has gone to the length of holding that an averment that the defendant is indebted to the plaintiff would support a recovery in any instance."

In *Roeder, Peabody & Co. v. Brown*, 1 Wash. T. 112, the following allegations contained in a counterclaim were held insufficient, namely: "That during the winter of 1854 plaintiff became indebted to these defendants in the sum of $200 for services rendered and in the further sum of $100 for cash advanced at different times during said period, all at the special instance and request of said plaintiff." In *Gray v. Kendall*, 10 Abb. Prac. (N. Y.) 66, there is a full discussion of the identical question involved in this case, and the court makes it very clear why such a statement is a mere conclusion, that it is of no force or effect in any pleading, and that it cannot support a judgment. The following authorities all support the contention of appellant: *Lienan v. Lincoln*, 2 Duer (N. Y.) 670; Bliss on Code Pleading, secs. 310-312; Phillips on Code Pleading, secs. 345, 347; *Mayor, etc., v. Signoret*, 50 Cal. 298; *Moore v. Hobbs*, 79 N. C. 535; *Shafer v. B. R. & A. W. & M. Co.*, 4 Cal. 294. The action in the case last cited was for the foreclosure of a mortgage which, as in this case, was ostensibly given to secure an antecedent indebtedness. The allegations are very similar to those in this case, and the mortgage is set out in the complaint. The mortgage contains recitals of the indebtedness and the time and manner of payment. The court, however, held that the complaint was wholly insufficient to authorize a recovery and reversed the judgment which was based upon a verdict of the jury after full trial.

It seems almost like a work of supererogation to adduce further authorities in support of the contention that the allegations in the first paragraph of the complaint are mere con-

clusions of law, and thus cannot be permitted to perform the
functions of a statement of facts. In what way does such a
statement apprise the defendant of anything? Out of what
transaction or transactions did the alleged indebtedness arise:
Did it originate in contract or in tort? Does it arise upon
an express or an implied promise? Was the obligation a
primary or a secondary one? When was any promise made,
if at all, and what were the circumstances that induced it?
Was there any consideration for the alleged indebtedness?
If so, what was it? Surely the making of a promise, if one
was made, the consideration therefor, and the circumstances
showing the nature of the transaction could all have been stat-
ed in a very few sentences so as to apprise both the court and
the appellant upon what the claim of respondent was founded.
It was necessary to allege these matters for two purposes, name-
ly, to confer power upon the court to enforce an existing obli-
gation if there were one, and to apprise the appellant of the
claim made against him so that he might either deny or con-
fess and avoid, or interpose some other legal defense thereto.
Assuming that the defendant had filed a general denial to
such a complaint, in what way could any one determine the
nature or character of the indebtedness that was adjudicated
in the action by recourse to the pleadings? Could any one
plead former adjudication to any matter in such a complaint?
Would it not cover a claim arising in tort as well as one upon
contract either express or implied? If, therefore, the defend-
ant answered in any subsequent action by pleading prior
adjudication to one kind of a claim, the plaintiff could reply
that it was another kind that was in issue, and not the one
relied on by the defendant. It does not help matters any to
say that the character of the claim litigated in the former
action might be identified by the evidence adduced at the trial.
It may be that there was no trial; but, even if there was, the
issues must be found in and defined by the pleadings, and
the scope of the investigation only is found in the evidence.
We have very recently passed upon the necessity for clear
and specific statements in pleadings in the case of *Pugmire
v. O. S. L. Ry. Co.,* 92 Pac. 762. It is there held that such

statements are required so that the defendant may be apprised of what he is expected to meet at the trial. In the case of *Baily v. Leishman,* 89 Pac. 78, we have likewise very recently held that allegations will be liberally construed where such a construction cannot mislead, and when it fairly apprises the opposite party of the matters in issue. It is there pointed out that certain facts, while not specifically alleged, may yet be clearly inferred from other alleged facts. But such inference must be deduced from facts which are alleged, and not from mere legal conclusions. Legal conclusions in a pleading are stillborn for all purposes, where they are stated in the place of ultimate facts.

But it is contended that the allegations contained in the other paragraphs of the complaint supply the defects in the first paragraph. Is this contention tenable? In paragraph 2 there is no statement of any fact except that a certain deed was executed to secure the indebtedness mentioned in the first paragraph. There is no allegation of any fact showing any promise, obligation, or consideration in this paragraph. Paragraph 3 adds nothing to what is contained in paragraph 2, except the legal conclusion that there is a certain sum now due and owing from defendant to plaintiff. "If the contract showing its terms and conditions had been pleaded wherein the promise and consideration therefor were made to appear, then the conclusion that it was "due and owing" might have been permissible; but it cannot be made to do service as a statement of a promise and the consideration upon which such promise rests. Paragraph 4, at most, is a mere repetition of what is already stated in paragraphs 2 and 3. There is no allegation of any promise or obligation that the appellant made or assumed in paragraph 5; and in paragraph 6 there is likewise no allegation of any fact, except that appellant did not avail himself of what respondent offered to do as alleged in that paragraph. Paragraph 7 is merely surplusage in view that there were no other parties to the action, and no claims or liens involved.

But it is urged that the alleged indebtedness was merged in the deed and option agreement which is referred to in the

complaint as Exhibit B, and that, therefore, the original consideration or transactions were not required to be stated. It is quite true that, if open accounts, or other claims arising out of mutual transactions, are merged in a promissory note, or into any written evidence of the indebtedness, it is sufficient to declare upon the claim in the latter form. In case of a negotiable promissory note or instrument for the payment of money under seal, no consideration need be alleged, since the law implies a consideration. If we assume that in executing the deed in this case the consideration is implied so as to support the pasing of the title, still we know of no rule of law that would imply that the grantor in the deed thereby agreed or assumed to pay to the grantee therein the sum of money expressed in the deed as a consideration therefor. If we indulged such a presumption in this case, we would have to presume that the debt amounted to $10,000, and not $7,-491.59. Neither the existence of an obligation nor the agreement to pay can, therefore, be presumed or implied from the mere execution of the deed. If such a promise was made, it would have to be alleged and proved or some facts stated from which the promise would be inferred as a fact or implied as a matter of law. The allegations are that the deed was given to secure a certain antecedent indebtedness. It was therefore a mortgage merely to secure a debt. The debt was not merged in the mortgage. The debt is the principal thing, and the mortgage a mere incident which passes with the principal thing. Without a valid debt there could be no valid mortgage, regardless of the solemnity of its execution or the form thereof. In an action to foreclose a mortgage given to secure a debt or obligation, it must be made to appear by proper averments that there is an existing obligation to pay, precisely the same as though the action were instituted to obtain a personal judgment merely. Where there is no right to a personal judgment in case the mortgage is given as security for the payment of money only, there can be no right to foreclose or subject the property to the payment of the alleged debt or obligation until the right to a judgment in law is made to appear from the complaint. Under the circum-

stances disclosed by the allegations of this complaint, an allegation stating the consideration passing between the parties out of which the alleged indebtedness arose was necessary. (Phillips on Code Pleading, sec. 327.) From this it is clear that the allegations contained in the several paragraphs of the complaint with regard to the giving of the deed and its purpose in no way cured the defect in the first paragraph. Neither does the option agreement referred to as Exhibit B aid the complaint in this regard. By the terms of that instrument the appellant was given the option to obtain a reconveyance of the property therein described by paying the sum of money therein specified within the time stated. There is no promise stated upon his part that he will do so, or, in the event of his not doing so, he will do anything else. Nor is there any allegation in the complaint that the agreement set forth in Exhibit B was anything else than an option, nor that it did not contain or express the full agreement of the parties. All this is left to be inferred from the statement that the deed was, in fact, a mortgage. It is an elementary rule of pleading that the essential averments of the pleading cannot be supplied in this way. The rule is well stated by the Supreme Court of California in the syllabus of the case of *Mayor, etc., v. Signoret,* supra, in the following language:

"Matters of substance, which are necessary to be alleged in a complaint, cannot be left out, and the defect supplied by reference to an exhibit attached to and made a part of the complaint."

If this is permitted at all, it must be so by force of some statute. In the complaint proper in this case there is no allegation of any promise to pay at any time. There are no facts alleged from which such a promise may be inferred or implied, for the reason that no consideration for the alleged indebtedness is stated, and there are no facts alleged from which a breach of any agreement or obligation made or assumed by appellant may be inferred. As is well said in *Richards v. Travelers' Ins. Co.,* 80 Cal. 506, 22 Pac. 940: "A party suing upon a contract to pay money must show a breach of the contract, or his complaint states no cause of ac-

33 Utah—33

tion." As we have already pointed out, if the complaint had alleged a consideration and promise or obligation on the part of appellant, and when the promise or obligation matured, then the statement that it was due and owing when the complaint was filed, although in form a conclusion, would still be sufficient. If the promisor or obligor relied upon an extension of time, he would have to set this forth as a defense in his answer. But the allegation that there is "due and owing" cannot supply the defects we have attempted to point out. The court should have sustained the demurrer to the complaint.

Respondent, however, insists that although the demurrer should have been sustained when it was interposed for defects in the complaint, nevertheless, such defects having been cured by the answer, therefore the judgment is supported by the pleadings. This rule has so often been enforced, and its application has become so general, that it may be said to be an elementary rule of practice. The appellant has, however, attempted to avoid the application of the rule in this case by a statement in his answer to the effect that he in no way waives any rights under the demurrer, but answers subject thereto. The statement is apparently based on section 2965, Rev. St. 1898, which provides: "The pleading over to any action after the overruling of a demurrer shall not be deemed or considered a waiver of the demurrer." While this section is one not generally found in the code states, we are nevertheless of the opinion that it cannot be made available to the extent that matters set forth in the answer may not be so stated as to cure substantive defects in the complaint. In other words, if there be a defect of substance in the complaint, by reason of which no cause of action is stated, and the answer supplies this defect, the defendant may not avail himself of the defect in the complaint after verdict and judgment. If he desires to rely upon the demurrer after answer, he must be careful not to supply the defects in the complaint by the averments in his answer. As to whether a judgment is supported by the pleadings depends, not upon the allegations

in the complaint alone, but upon a reasonable construction of all the pleadings when considered together.

Are the defects of the complaint cured by any averments contained in appellant's answer? The only averments in appellant's answer that in any way can be said to have any bearing upon this question are the following: "He denies each and every allegation contained in paragraphs 1 and 6 of the complaint of the plaintiff herein; and further denies each and every allegation contained in paragraph 3 of said complaint, except that the deed mentioned in paragraph 2, and referred to in paragraph 3, was given by said defendant to said plaintiff as security to secure an indebtedness then existing between the said defendant and said plaintiff, not to exceed the sum of forty-six hundred dollars ($4,600.-00)." Here are two denials and one affirmative statement in the nature of an admission. This statement, however, defines and qualifies the nature and extent of the admission. What is the fair import of the language used, in view that the admission expressly refers to the deed? The deed to which the admission refers is alleged in paragraph 2 of the complaint to have been executed August 25, 1902, to secure the sum of money for which plaintiff in paragraph 1 says defendant "was indebted to plaintiff on said 25th day of August, 1902." Here we have an allegation, not of a present or existing, but of a past, indebtedness, namely, that the defendant on August 25, 1902, was—not that he now is—indebted to the plaintiff. The admission is that the deed "was given by said defendant to said plaintiff as security to secure an indebtedness *then existing* between the said defendant and said plaintiff." (Italics ours.) This is not an admission that there is any indebtedness presently existing. It simply admits that an indebtedness existed on August 25, 1902. If paragraph 1 of plaintiff's complaint can in any possible way be construed so as to cover a present indebtedness, then that present indebtedness is denied by the defendant in his general denial of paragraph 1 of the complaint. True, this general denial is restricted by the qualified admission following the general denial. This admission certainly does not expressly ad-

mit the agreement on the part of the defendant to pay the indebtedness then existing, and, if such a promise to pay at some time be implied from the admission, the time when payment is to be made certainly is not implied.

Assuming that there was nothing else in the answer except what we have set forth above, and for the purpose of determining the question now under consideration such assumption must be taken as true, would the court be authorized to enter a judgment on these pleadings for the amount or for any amount claimed by the plaintiff? That it would not seems too clear to admit of much doubt. If this be so, how did the answer cure the defects in the complaint? If A. alleges that on a certain day he sold and delivered to B. a horse for the sum of $100, and that B., to secure said sum, executed a mortgage to A., it is clear that A. states no cause of action against B. Now, suppose B. answers, and denies A.'s statement, but by an affirmative statement admits the sale and delivery of a horse for $75 only, and also admits the execution of a mortgage to secure the latter sum—does the complaint and answer together state a cause of action? It certainly does not, unless the delict of B. is implied from the combined statements contained in the complaint and answer. Mr. Pomeroy, in his excellent work entitled "Code Remedies," states the essential elements of a good cause of action clearly and tersely thus:

"Every judicial action must, therefore, involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff; and a remedial duty resting on the defendant springing from this delict." (Pomeroy's Code Remedies (3d Ed.), sec. 453; Phillips on Code Pleading, sec. 32.)

There certainly is no express allegation in the complaint, nor any direct statement or admission in the answer, which shows any delict on the part of the defendant. In the absence of this, there is no cause of action stated in the complaint, nor is this defect cured by anything contained in the answer. But, if we should be wrong in this conclusion, and it be

conceded that the admission or statements in the answer supply the defects in the complaint, the judgment still cannot stand. The judgment is for $8,292.69, while the admission of the defendant, if it be taken as such, is only for $4,600. The judgment also directs a sale of the property, with directions to apply the proceeds derived from the land to the payment of the larger sum mentioned, when there is no cause of action stated or admitted in any event for more than $4,600. The defect, therefore, if cured at all, is not cured to the extent of the amount of the judgment entered by the court.

It is not necessary to discuss the other errors complained of. With few exceptions, all are covered by what has been said. Those that are not covered will not likely arise again after the pleadings have been amended and reformed.

The judgment is therefore reversed, with directions to the district court to grant a new trial, and permit the parties to amend their pleadings if they desire to do so, and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs.

McCARTY, C. J., concurs. STRAUP, J., concurs in the result.