## GEROS v. HARRIES et al.

No. 4224. Decided April 7, 1925. (236 P. 220.)

1. SHERIFFS AND CONSTABLES—COMPLAINT IN ACTION AGAINST OFFICER AND SURETY FOR INJURIES SUFFERED BY PLAINTIFF WHEN SHOT BY DEPUTY SHERIFF HELD SUFFICIENT AS AGAINST GENERAL DEMURRER. Complaint in action against sheriff, his deputies, and surety for injuries suffered by plaintiff when shot by deputy sheriff, who was searching plaintiff's restaurant for intoxicating liquors, *held* sufficient as against general demurrer, on ground that it did not appear that acts of such officer were committed pursuant to legal process or by authority of law.

2. PLEADING—SUFFICIENCY OF ALLEGATIONS OF COMPLAINT DETERMINED BY CONSIDERATION OF COMPLAINT AS A WHOLE. In determining sufficiency of allegations of a complaint, complaint must be considered as a whole.

3. PLEADING—CAUSE OF ACTION DEFECTIVELY STATED CANNOT BE REACHED BY GENERAL DEMURRER. A cause of action defectively stated cannot be reached by general demurrer.

4. PLEADING—DEFECT IN STATING CAUSE OF ACTION IN COMPLAINT HELD CURED BY ANSWER AND PROOF. Defect in complaint for

injuries sustained by plaintiff when shot by deputy sheriff, who with other officers was searching plaintiff's restaurant, in that it did not appear that acts of deputy sheriff were committed pursuant to legal process or by authority of law, *held* cured, where such facts were affirmatively averred in answers of defendants, and were fully proved on trial by both sides, it being immaterial that answer of sheriff's surety did not allege such facts, where it relied entirely on sheriff's defense.

5.  PLEADING—PLAINTIFF'S RIGHT TO RELY ON ANSWERS AS SUPPLYING DEFECT IN COMPLAINT NOT AFFECTED BY GENERAL DEMURRER AND OBJECTION TO INTRODUCTION OF EVIDENCE. Right of plaintiff to avail himself of defendants' admissions and affirmative averments in their answers to supply defect in his complaint was not affected by defendants' interposition of a general demurrer assailing sufficiency of complaint, and a general objection to introduction of any evidence, because complaint failed to state a cause of action, in view of Comp. Laws 1917, § 6622.[1]

6.  SHERIFFS AND CONSTABLES—OFFICERS NOT JUSTIFIED IN SHOOTING ESCAPING PRISONER GUILTY OF MISDEMEANOR. Sheriff and his deputies were not justified in shooting plaintiff, though he made or would have made his attempted escape effective, where, if he was guilty of any crime, it was at most a mere misdemeanor.

7.  SHERIFFS AND CONSTABLES—OFFICER OFFENDING LAW AS BY SHOOTING ONE RUNNING AWAY STANDS ON SAME FOOTING AS A PRIVATE CITIZEN. Sheriff or deputy, when he offends the law as by shooting one running away who is at most guilty of misdemeanor, stands precisely on same footing as a citizen.

8.  APPEAL AND ERROR—APPELLATE COURT NEED NOT CONSIDER MATTERS AGAINST WHICH NO OBJECTIONS ARE URGED. Appellate court need not consider those matters on appeal against which no objections are urged.

---

[1] *Massachusetts B. & I. Co.* v. *Cudahy P. Co.*, 61 Utah, 116, 211 P. 706; *Chesney* v. *Chesney*, 33 Utah, 503, 94 P. 989, 14 Ann. Cas. 835; *Bush* v. *Bush*, 55 Utah, 237, 184 P. 823.

See Headnote 1.   35 Cyc. p. 1807.
Headnote 2.   31 Cyc. p. 83.
Headnote 3.   31 Cyc. p. 290.
Headnote 4.   31 Cyc. pp. 715, 723.
Headnote 5.   31 Cyc. p. 717 (1926 Anno.).
Headnote 6.   5 C. J. p. 426.
Headnote 7.   35 Cyc. p. 1734 (1926 Anno.).
Headnote 8.   3 C. J. p. 689.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action by Aleck Geros against Benjamin R. Harries and others. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*Willard Hanson* and *B. L. Liberman,* both of Salt Lake City, for respondent.

*Stewart, Alexander & Budge,* and *R. L. Judd,* all of Salt Lake City, for appellants.

FRICK, J.

Plaintiff brought this action to recover damages for personal injuries suffered by him as will hereinafter appear against the sheriff of Salt Lake county, two of his deputies, and the Maryland Casualty Company as surety on the sheriff's official bond. After stating the necessary matters of inducement and jurisdictional facts it is alleged in the complaint:

"That on the 2d day of September, A. D. 1923, defendant Benjamin R. Harries, as sheriff of Salt Lake county, and the defendants John W. Harris and Arthur S. Nicholls, as deputy sheriff of Salt Lake county, Utah, acting under the direction and authority of said sheriff, entered upon the premises of plaintiff's restaurant situated at 579 West Second South street, as aforesaid, and did then and there leave with an employee of the plaintiff pretended search and seizure warrant for intoxicating liquors, issued by Justice George E. Parkin, Justice of the Peace of Salt Lake county, Utah, on September 2, 1923, against John Doe, and that when the said defendants entered said premises plaintiff was proceeding to the rear room of said restaurant for the purpose of changing his clothes which were kept at said premises, and that, as he proceeded, he was followed by the defendants John W. Harris and Arthur S. Nicholls, deputy sheriffs as aforesaid; that plaintiff did not know said deputy sheriffs, nor was he aware of the fact that the said individual defendants intended to make a search of said restaurant under said search and seizure warrant, or of the fact

that said officers had said pretended warrant, and the said officers did not impart said information to plaintiff, but said deputy sheriffs John W. Harris and Arthur S. Nicholls nevertheless followed plaintiff to said rear room in the restaurant; that plaintiff, seeing the said defendants following him, being of small stature and slight physique, became alarmed lest the defendants intended to commit a robbery or assault upon him, and that plaintiff thereupon, with intent to avoid said robbery or bodily injury, stepped into a court adjoining said restaurant and then entered from the rear, the neighboring premises, being a confectionery and soft drink store, and then went through said store, through the front door of the same out into West Second South street, and that during all of said time the said defendants continued to follow plaintiff without saying a word, and that plaintiff, being apprehensive of bodily injury to himself, stepped off the sidewalk in front of said premiess in West Second South street and started to run across the street, and that thereupon the defendant John W. Harris drew his revolver and fired point-blank at plaintiff at a distance of approximately 15 to 20 feet from plaintiff, and that the bullet from said revolver penetrated plaintiff's right shoulder, pierced his lungs, and passed out through his chest; that plaintiff continued running, and that the said deputy sheriff John W. Harris continued firing his revolver at plaintiff; that all of said shots were fired by the said John W. Harris in the presence of and with the consent of the defendant Benjamin R. Harries, and that all of the acts herein complained of were performed by the said defendants acting under the color of their offices as sheriff and deputy sheriffs of Salt Lake county, Utah."

The consequences of the injury and the damages sustained are then set forth in detail. The bond is also set forth in full and made a part of the complaint. Each one of the defendants interposed a general demurrer to the complaint, which demurrers were overruled by the court.

We have set forth certain portions of the complaint in full for the reason that it is strenuously insisted that the complaint does not state facts sufficient to constitute a cause of action. The particular objection to the complaint is that it does not appear therefrom that the acts of the sheriff and his deputies, which are complained of, were committed pursuant to legal process or by authority of law. This contention is principally based upon the statement in the complaint that the search and seizure warrant under which the sheriff and his deputies acted was a "pretended search and

seizure warrant.'' In view of that, it is contended that the warrant was spurious and void conferring no authority.

It is not necessary to analyze the averments of the complaint. It is sufficient to say that, while it is not a model pleading, it, nevertheless, is not so lacking in essential averments as to be vulnerable to a general demurrer. In determining the sufficiency of the allegations of a complaint, and especially of one like the one in question here, one must not have recourse to only certain parts of the complaint, but must determine the effect that should be given to the complaint when considered as a whole. The defendants, however, cite and rely upon the following cases in support of their contention: *People* v. *Pacific Surety Co.*, 50 Colo. 273, 109 P. 961, Ann. Cas. 1912C, 577; *Felonicher* v. *Stingley*, 142 Cal. 630, 76 P. 504; *People* v. *Beach*, 49 Colo. 516, 113 P. 513, 37 L. R. A. (N. S.) 873; *Jones* v. *Van Bever*, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; *Gerber* v. *Ackley*, 37 Wis. 43, 19 Am. Rep. 751. A mere cursory reading of the foregoing cases will disclose that they are clearly distinguishable from the case at bar. In those cases it clearly appeared from the averments in the complaints that the acts complained of were not official acts, and hence it was held that the averments were insufficient as against the surety on the official bond. It may, however, be said in this connection that in those cases the rule of pleading is more strictly enforced than it is in a large number of other cases to which we shall hereinafter refer.

If the averments in the complaint in the case at bar are considered together, as they must be, there can be no doubt that the acts complained of appear to have been committed by authority of law and pursuant to the search and seizure warrant which had been issued and delivered to the officers, and that they were acting under it, and hence their acts were official acts. *Gomez* v. *Scanlan*, 155 Cal. 528, 102 P. 12; *Meek* v. *Tilghman*, 55 Okl. 208, 154 P. 1190; *Lee* v. *Charmley*, 20 N. D. 570; 129 N. W. 448, 33 L. R. A. (N. S.) 275, and *Greenberg* v. *People*, 225 Ill. 174, 80 N. E. 100, 8 L. R. A. (N. S.) 1223, 116 Am. St.

Rep. 127, are cases where the averments in the complaints were less specific than they are in the complaint in this case, and it was nevertheless held in all of them that the averments were sufficient to withstand a general demurrer. If, in this case, defendants were in doubt respecting the nature or character of the acts complained of, they should have demurred specially and asked the court to require the plaintiff to make his averments more specific and certain. The most that can be said is that if the complaint is defective it is because the averments respecting the character of the acts were not sufficiently specific. The complaint therefore comes within the rule of a defective statement of a cause of action, and not within the rule that some essential averment is lacking, and hence no cause of action is alleged. A cause of action defectively stated cannot be reached by a general demurrer. It follows from what has been said that the district court committed no error in overruling the demurrers.

There is, however, another insurmountable obstacle to defendants' contention. Each of the defendants filed a separate answer. In the answers of the deputy sheriffs as well as in that of the sheriff it is not only expressly admitted that all of the individual defendants entered the premises of the plaintiff pursuant to the search and seizure warrant, but in all of their answers it is affirmatively alleged that they "entered upon the premises mentioned in the complaint on said 2d day of September, 1923, pursuant to a search and seizure warrant duly issued for the purpose of making a search for and seizing intoxicating liquors that might be upon said premises." Indeed, the character and purpose of the acts of the sheriff and his deputies are fully set forth so that there is and can be no doubt respecting them. Moreover, on the trial of the action, the search warrant was introduced in evidence by plaintiff without objection by defendants, and they frequently referred to it as justification for their acts, and it was established by undisputed evidence beyond all reasonable doubt that the acts of the sheriff and his deputies who are defendants in this action

were done to vindicate the law and pursuant to the command of the search and seizure warrant.

True, the defendant surety company did not set forth the foregoing facts in its answer. That is, however, immaterial here for two reasons: (1) Because the complaint did in fact state a cause of action; and (2) for the reason that the surety company did not present any affirmative defense to the action other than that interposed by the sheriff, its principal. That is, the surety company, at the trial, relied entirely on the defense of the sheriff, and if that defense failed, it had no defense.

The defendants, however, insist that, inasmuch as they had interposed a general demurrer in which they had timely assailed the sufficiency of the complaint, and that before entering upon the trial they had also interposed a general objection to the introduction of any evidence for the reason that the complaint failed to state a cause of action, for that reason plaintiff may not avail himself of the admissions and affirmative averments contained in their answers. This contention, no doubt, is predicated upon the theory that where a defect in a complaint is supplied by averments in the answer, such averments at most merely constitute a waiver of the defects, and in view that timely objections were made before filing the demurrers and again before entering upon the trial, there is no waiver in this case. By supplying a defect in a complaint in the answer the defendant does more than merely conditionally waive such defect. That is to say, he cannot be heard to say that he merely waives it because by the ruling of the court he is required to answer, and hence his answer constitutes a mere conditional waiver. If he desires to insist upon his objection to the complaint he may test that question by permitting judgment against him and appeal to this court to determine the sufficiency of the complaint. He, however, cannot have both alternatives, one to insist upon the objection and the other to supply the defect. By supplying the defect the defendant does what the plaintiff should have done, and he is therefore bound by his acts. Nor does it merely constitute

a waiver, but, as the term implies, it meets and supplies the alleged defect. The true doctrine applicable in such circumstances is well and clearly stated in the first headnote to the case of *Massachusetts B. & I. Co.* v. *Cudahy P. Co.*, 61 Utah, 116, 211 P. 706, in the following words:

"Where the omissions of a complaint for negligence of defendant's truck in breaking a plate glass window were supplied by the answer which covered every question relating to defendant's negligence and the trial proceeded on the theory that the entire question of defendant's liability was before the court, the defect was thereby cured."

To the same effect is *Chesney* v. *Chesney*, 33 Utah, 503, 94 P. 989, 14 Ann. Cas. 835. In the case last cited the test of when a defect is cured by the averments in the answer is stated. Then, again, our statute, Comp. Laws Utah 1917, § 6622, provides:

"The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The foregoing section was adopted for the express purpose of covering cases where a material defect exists, but by reason of the acts of one or both of the parties to the action the defect is cured or made harmless. True, it was not intended to cover cases where the complaint fails to state a cause of action on account of the omission of some essential averment, where such averment is not supplied in the answer or pleading of the adverse party. The rule in that regard is stated in *Chesney* v. *Chesney,* supra. It was, however, intended to apply in a case like the one at bar where the defect in a pleading is supplied in the pleading of the adverse party. If it were held not to apply in such a case, the salutary effect of the statute would be entirely frittered away. Moreover, where, as in this case, the alleged defect is not only supplied by the adverse party himself, but where he has obtained the benefit of a full, fair, and impartial trial in which he was given full opportunity to offer every fact and circumstance tending to exculpate him, it would be a

mere travesty of justice to now permit him to try the case all over again without any sufficient legal cause therefor.

Moreover, the principal just referred to has many times been recognized and enforced by the courts. True, the decisions, as is freqently the case in matters of procedure, are not entirely harmonious. The conflict, however, where such exists, relates more to the effect that the admission or affirmative averment in the adverse pleading has than it does to the conclusion that defects may be supplied and cured by the averments contained in the adverse pleading. In *Mountain Supply Ditch Co.* v. *Lindekugel,* 24 Colo. App. 100, 131 P. 789, it is held:

"Alleged defects in the complaint were cured by the answer which put in issue the very matters which defendant contended should have been pleaded in the complaint, in order to state a cause of action."

That is precisely the situation here. Counsel insist that the plaintiff should have stated certain facts in his complaint in order to state a cause of action, but the very matters that they insist should have been stated in the complaint are averred in the answers of the sheriff and all of his deputies and the facts were fully proved on the trial by both sides. The case just referred to, therefore, is precisely in point here since in that case, as in this, the alleged omissions in the complaint were averred in the answer.

In *Treadgold* v. *Willard,* 81 Or. 658, 160 P. 803, in passing upon a similar question it is said: "If a necessary allegation is omitted from the pleading, and the missing allegation is either alleged or admitted by the pleading of the adverse party the defect is cured." It is further said: "That omitted averments may be supplied by the allegations of the adverse party"—citing cases. To the same effect are *Burnham* v. *Abrahamson,* 21 Cal. App. 248, 131 P. 338; *Rocky Mtn. Fuel Co.* v. *Sparling Coal Co.,* 26 Colo. App. 260, 143 P. 815; *Stephens* v. *Conley,* 48 Mont. 352, 138 P. 189-194, Ann. Cas. 1915D, 958. A large number of cases are collated in 21 Standard Ency. Pro., p. 403, under the subject "Cure of Defects." The subject is also fully

considered by this court in *Bush* v. *Bush,* 55 Utah, 237, 184 P. 823, where it arose in a somewhat different form.

The writer perhaps has gone into this question more fully than was necessary. It was done, however, to settle the question that omissions in a complaint such as it is insisted the plaintiff omitted from the complaint in this case may be supplied in the answer, and if so supplied the defect is cured, and that such is the general holding of the courts.

In view of the foregoing it is manifest that the judgment in this case cannot be reversed for the reason that the complaint is defective in essential averments as contended by defendants. It is, however, also urged that the judgment should be reversed for the reason that the evidence is insufficient to sustain the verdict and judgment. The argument is principally based upon the hypothesis that the evidence is not clear and explicit to the effect that the sheriff and his deputies acted in violation of law, or that they were "engaged in the execution of a search and seizure warrant" when the plaintiff was shot. We have carefully read the evidence as certified to this court in the original bill of exceptions. We could subserve no good purpose to attempt a statement or synopsis of the evidence. It must suffice to say that after reading the evidence we cannot see how the jury could well have arrived at a different conclusion or result except that under the evidence they could have allowed plaintiff a larger amount as damages. The evidence of defendant is alone sufficient to justify, if it did not require, a finding that the shooting occurred as the result of executing the search and seizure warrant, and in an attempt to vindicate the Prohibition Act of this state. Moreover, the testimony of the individual defendants, including that of the sheriff, is clearly to the effect that all of the defendants participated in the execution of the search and seizure warrant, and that the plaintiff was shot because he attempted to flee from the officers. The writer is quite unable to understand how, under the evidence, it can reasonably be contended that the plaintiff was not shot under the

conditions just stated. It might just as reasonably be contended that the plaintiff was not shot and wounded at all as it is to contend that he was not shot and wounded by one of the defendants while they were all engaged in the act of executing a search and seizure warrant which they all admit and allege was duly and lawfully issued, and pursuant to which they acted and were attempting to arrest plaintiff and to search his premises.

It is needless to spend more time upon that phase of the case. Let us here pause to refer briefly to some of the numerous cases which are available, and which throw light upon the legal effect of defendants' case. In this connection it must be remembered that if the plaintiff was guilty of any crime it was at most a mere misdemeanor, and hence the defendants were not justified in shooting him, although he made or would have made his attempted escape effective. The law in that regard is clearly and correctly stated by the Supreme Court of Mississippi in *Brown* v. *Weaver* (76 Miss. 7, 23 So. 388, 71 Am. St. Rep. 512), reported in 42 L. R. A. 423. It is there said:

"An officer has no right to shoot at a person who is merely running away from him, without committing any violence, when under arrest for a misdemeanor. The wrongful shooting by a deputy sheriff of a prisoner attempting to escape from arrest for a misdemeanor is an official act which creates a liability on the sheriff's bond."

In *State* v. *Cunningham,* 107 Miss. 140, 65 So. 115, 51 L. R. A. (N. S.) 1179, it is held:

"A sheriff is liable on his official bond for shooting one guilty of a simple misdemeanor to prevent his escaping arrest, although he merely fired his pistol in his direction to cause him to halt. The statement in a complaint seeking damages because of a sheriff's negligent performance of his duties in arresting one guilty of a misdemeanor which results in the death of the latter, that the sheriff fired his pistol at and toward the lawbreaker so that the bullet struck and killed him, does not require proof of deliberate aim toward him."

In 24 R. C. L. 965, § 59, in speaking of the test of liability of a surety on a sheriff's bond, it is said:

"The test should be: Would he have acted in the particular instance if he were not clothed with his official character, or would he have so acted if he were not an officer? If he assumed tó act as an officer—whether under valid or void process, or under no process whatever—the bondsmen should be held, as he is held, for they are the sponsors of his integrity as an officer while acting as such."

In section 60 of the same volume, it is further said:

"On the general theory that sureties are not needed on a sheriff's bond if they are only to be held when the acts are legal, and because they vouch for the officer's acts, and bind themselves to make good any damage he may cause to any one while acting under color of his office, the rule is that the unjustifiable killing, by an officer, of a person whom he has arrested is within the provision of his bond by which the surety undertakes that he shall well and truly discharge all the duties of his office. And a sheriff and the sureties on his official bond are liable in a civil action for damages arising from the intentional or negligent shooting of a misdemeanant who flees to avoid arrest, although the officer merely fires his pistol in his direction to cause him to halt."

See Murfree's Official Bonds, § 303, p. 218, for a clear statement by Chief Justice Shaw respecting the liability of sheriffs and their bondsmen for wrongful acts. The following cases will also be found directly in point and very illuminative: *Lammon* v. *Feusier*, 111 U. S. 17, 4 S. Ct. 286, 28 L. Ed. 337; *Chandler* v. *Rutherford*, 101 F. 774, 43 C. C. A. 218; *Lee* v. *Charmley*, 20 N. D. 570, 129 N. W. 448, 33 L. R. A. (N. S.) 275; *Turner* v. *Sisson*, 137 Mass. 191; *Wieters* v. *May*, 71 S. C. 9, 50 S. E. 547; *Clancy* v. *Kenworthy*, 74 Iowa, 740, 35 N. W. 427, 7 Am. St. Rep. 508; *Meek* v. *Tilghman*, 55 Okl. 208, 154 P. 1190. If the reader desires to pursue the subject further he will find a large number of cases collated in 10 Notes on U. S. Reports, p. 775, and in Supplement 2, Notes to U. S. Reports, p. 625, all of which, it will be found, support the cases above cited. The annotator's notes to the case of *Brown* v. *Weaver* and *State* v. *Cunningham*, supra, will also be found very illuminating.

Many of the cases are there collated in which the doctrine announced in the Mississippi cases to which we have referred is supported and enforced. Many cases could be

added to the foregoing, but it is unnecessary to do so. In nearly all of the cases cited it is pointed out that the refinement or supposed distinction between acts that were termed to have been committed *colore officii* or *virtute officii* is as useless in practice as it is obscure in meaning, and hence it is entirely disregarded, and the only test that is applied is the one we have quoted from the text of 24 R. C. L. supra. Neither is it necessary to enter upon a review of the cases cited by defendants, nor to point out the distinction between them and those we have referred to and others in which the same doctrine is announced. It must suffice to say that the great weight of modern authority is reflected in the authorities we have cited.

It is, however, also insisted that the district court erred in its instructions to the jury. Especial objections are urged against instructions numbered 10, 11, and 13. We have carefully examined not only those three but all of the instructions. We have no hesitancy in stating that, in the light of the great weight of authority, the objections urged against the instructions mentioned are not tenable. No legal injury could possibly have resulted to the defendants, or either of them, by anything that is contained in those instructions. Indeed, in our judgment, the instructions correctly reflect the law, and are quite as favorable to the defendants as the law justified. It is next insisted that the court erred in refusing some of defendants' requests to charge the jury. The contention is without merit and requires no special consideration.

Finally, it is vigorously contended that, in view that the sheriff and his deputies are required to enforce the laws, therefore they should not be condemned for acts of omission or commission unless it is made quite clear that they have invaded the substantial rights of some citizen. No doubt the officers of the law should receive the protection of the law in so far as their acts justify protection. The citizen is, however, equally entitled to protection. The law knows no favorites, and an officer, when he offends, stands precisely upon the same footing as the citizen. Nor

does the law justify the condemnation of a citizen when it would not, under the same state of facts and under the same quantum of evidence, condemn the acts of the officer. In this case the defendants were given the full protection of the law, and in one or two instances they were given more than the strict enforcement of the law authorizes. No objections having been urged as against these matters, however, we need not consider them, and we mention     8 that only for the purpose of showing that the defendants here have no legal cause for complaint.

In view of what has been said, it follows that the judgment should be and it accordingly is affirmed, with costs.

GIDEON, C., J., and THURMAN, CHERRY, and STRAUP, JJ., concur.